UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**KAREN L. KIMMEL,**                   )
                                   )
    **Plaintiff,**                     )
                                   )
    v.                             )    Civil Action No. 07-797 (RWR)
                                   )
**GALLAUDET UNIVERSITY,**              )
                                   )
    **Defendant.**                     )
_____)

## MEMORANDUM ORDER

Plaintiff Karen Kimmel brings this action against Gallaudet University alleging retaliation in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq; retaliation, disability discrimination and hostile work environment in violation of the District of Columbia Human Rights Act ("DCHRA"), § 2-1401.01 et seq.; and tortious interference with prospective business relations.  Kimmel moves to amend her complaint to add a claim of constructive discharge in violation of the DCHRA, which Gallaudet opposes on the basis that the claim arises from facts that are separate in time and type from the facts alleged in her original complaint.  Because Kimmel's constructive discharge claim arises out of the same alleged pattern of harassment that forms the basis of Kimmel's hostile work environment claim, Kimmel's motion to amend her complaint will be granted.

"Federal Rule of Civil Procedure 15(c) governs amendments to a complaint that are made after the time for filing the complaint

has expired." Henderson v. Williams, Civil Action No. 05-1966 (RWR), 2007 WL 778937, at *2 (D.D.C. Mar. 12, 2007). In pertinent part, Rule 15(c) states "that '[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading.'" Palmer v. Homecomings Fin. LLC, 677 F. Supp. 2d 233, 237 (D.D.C. 2010) (alteration in original) (quoting Fed. R. Civ. P. 15(c)(1)).

"Typically, amendments that build on previously alleged facts relate back." Jones v. Greenspan, 445 F. Supp. 2d 53, 56 (D.D.C. 2006) (citing United States v. Hick, 283 F.3d 380, 388 (D.C. Cir. 2002)). But, not only must an amendment share some elements and facts in common with the original claim, the original complaint must also "'adequately notif[y] the defendants of the basis for liability the plaintiffs [will] later advance in the amended complaint.'" Jones v. Bernanke, 557 F.3d 670, 674-75 (D.C. Cir. 2009) (quoting Meijer, Inc. v. Biovail Corp., 533 F.3d 857, 866 (D.C. Cir. 2008)). Ultimately, "[s]o long as the original and amended [complaints] state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005). Relation back, however, "is improper when the amended claim 'asserts a new ground for relief supported by facts that differ in both time and

type from those the original pleading set forth.'" Bernanke, 557 F.3d at 674 (quoting Mayle, 545 U.S. at 650).

Gallaudet contends that the facts alleged in Kimmel's amended complaint are unrelated in time and type to those set forth in the original complaint and that it had no notice that the events that occurred during Kimmel's sabbatical would form the basis of a constructive discharge claim. (Def.'s Opp'n to Pl.'s Mot. for Leave to File Amended Compl. ("Def.'s Opp'n") at 3, 5.) If the original complaint put Gallauget on notice of anything, it was that Kimmel feared that Gallaudet's behavior was aimed at drumming her straight out of the university. (See, e.g., Compl. ¶ 15 ("It is clear that the actions of Gallaudet employees and agents . . . have been designed to harass Dr. Kimmel to the point that she will leave the University[.]"), ¶ 21 ("The falsehoods spread by Gallaudet . . . were also designed to harass her in order to force her to leave Gaulladet."), ¶ 26 ("[Her] smaller than usual raise . . . [was] intended to force Dr. Kimmel to leave Gallaudet[.]").) With notice of a potential constructive discharge claim not being an issue, the only question is whether the amendment "arose of the conduct . . . set out . . . in the original [complaint.]" Fed. R. Civ. P. 15(c)(1)(B).

Kimmel's original complaint alleges that Gallaudet subjected her to harassment, which created "a pervasive atmosphere of

disrespect, ridicule, [and] insult" and amounted to a hostile work environment. (Compl. ¶¶ 47-48.) Specifically, it claims that in order to force Kimmel to leave, Gallaudet falsely accused her of coercing professors to change math grades and of supporting grade changes for athletes. (Id. ¶¶ 20, 21, 25.) In the amended complaint, Kimmel asserts that she went on sabbatical to escape the hostile work environment and that, during her sabbatical, Gallaudet facilitated false allegations against her in a town hall it held to allow students and employees to attack her reputation, character and actions. (Amend. Compl. ¶¶ 27-29.) Kimmel also asserts that Gallaudet faculty informed her that she was not welcome to return from sabbatical, and that Gallaudet employees "formed a group . . . , which had as one of its goals the removal of Plaintiff from Gallaudet." (Id. ¶ 30.) Ultimately, Kimmel's amended complaint alleges that the same harassment that created the hostile work environment intensified to such a degree that it resulted in her resignation. The newly asserted claim is a direct extension of the very ongoing conduct that Kimmel claimed created a retaliatory hostile work environment.

Gallaudet also argues that it would be prejudiced by Kimmel's "untimely attempt to amend her [c]omplaint" because Kimmel waited over two years after her resignation to seek to amend her complaint. (Def.'s Opp'n at 5.) Gallaudet's sole

substantiation for its claim of prejudice is to repeat its discredited absence-of-notice argument, and to speculate that some percipient witnesses to events reflected in Kimmel's new claim no longer work for Gallaudet.  However, Gallaudet fails to specify who they are, or allege or show that they cannot be located or are otherwise unavailable.  Moreover, discovery has not yet concluded and the parties are not foreclosed from engaging in discovery related to Kimmel's newly asserted claim.

Because the amended complaint asserts a claim that arises out of the same type of conduct alleged in the original complaint, Gallaudet has been on notice of the newly alleged claim, and Gallaudet has not amply demonstrated how it would be prejudiced by the amendment, Kimmel's amendment would relate back in time to the original complaint, and her motion to amend her complaint will be granted.  Accordingly, it is hereby

ORDERED that plaintiff's motion [20] for leave to file an amended complaint be, and hereby is, GRANTED.  The Clerk shall docket as the Amended Complaint the exhibit attached to the motion.

SIGNED this 25th day of June, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge